IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| ASHTON BRINKLEY, and<br>JARED SPELL, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | **Civil Action File** |
| | ) | **No. _____** |
| MICHAEL GLENN WATERS, | ) | |
| an individual, | ) | 2:18-cv-89 |
| APPLING COUNTY SCHOOL DISTRICT; | ) | |
| DR. SCARLETT M. COPELAND, Superintendent, | ) | |
| in her Official and Individual Capacities; | ) | |
| DR. GENE A. STARR, Principal, in his Official and | ) | |
| Individual Capacities; | ) | |
| VIOLET MARCHMAN, Teacher/Educator, in her | ) | |
| Official and Individual Capacities; | ) | |
| JAMES CAROL WATERS, an individual; | ) | |
| WANDA L. WATERS; an individual, and | ) | |
| JOHN/JANE DOES Nos. 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COME NOW** Plaintiffs ASHTON BRINKLEY and JARED SPELL, and

file this their Complaint against Michael Glenn Waters, an individual; the Appling

County School District; Dr. Scarlett M. Copeland; Dr. Gene A. Starr; Violet

Marchman; James Carol Waters; Wanda L. Waters; and John/Jane Does Nos. 1-5,

and show this Honorable Court as follows:

## BACKGROUND

*This cause of action arises from numerous sexual assaults of minors attending Appling County High School by then Appling County High School teacher, Michael Glenn Waters; and various actions, inactions and deliberate indifference of Dr. Scarlett Copeland, the Appling County School District Superintendent of Schools; Dr. Gene A. Starr, Principal of Appling County High School; and teach/educator at the Appling County High School, Violet Marchman.   Michael Glenn Waters committed numerous sexual assaults against several students of Appling County High School.   Defendants Appling County School District, Dr. Scarlett M. Copeland, and Dr. Gene A. Starr acted carelessly, recklessly and with deliberate indifference to known and imputed allegations of sexual misconduct by Michael Glenn Waters, a former Camden High School teacher before being hired by the Appling County School District. After Michael Glenn Waters was hired by the Appling County School District to teach at the Appling County High School, Waters continued his sexual misconduct against students. Waters, a sexual predator, was given unrestricted access to various students of Appling County High School where he committed numerous sexual assaults upon several male students of Appling County High School, including Plaintiffs Ashton Brinkley and Jarod Spell.*

*Defendants Appling County School District, and its executives and persons in authority, Scarlett Copeland, Gene Starr and Violet Marchman, failed to promptly, properly or appropriately investigate and respond to reports of sexual misconduct prior to Waters' hiring.  Defendants Appling County School District, and its executives and persons in authority including Scarlett Copeland, Gene Starr and Violet Marchman, created and furthered the sexual harassment and sexual assaults of students of Appling County High School, by and through the deliberate indifference of its agents, creating a hostile environment for such students and denying them access to educational opportunities.*

*Approximately one year prior to Waters' sexual misconduct becoming overwhelmingly known, the Appling County School District, by and through one of its teachers, Violet Marchman, withheld information regarding Waters' sexual misconduct, allowing yet another year of assaults to continue upon and against Ashton Brinkley and Jarod Spell as well as other students of Appling County High School.*

*This action alleges individual violations as to Appling County School District's administration as well as violations of Title IX as to the Appling County School District and the denial of equal protection of the laws under the*

*Fourteenth Amendment to the U.S. Constitution.*

*This action further alleges common law negligence claims as to Defendants James Carol Waters, Wanda L. Waters, and John/Jane Does Nos. 1-5.*

## JURISDICTION AND VENUE

1.

This Honorable Court has original jurisdiction over this civil matter because it arises under the Constitution and laws of the United States pursuant to 28 U.S.C. § 1331.

2.

This Honorable Court also has subject matter jurisdiction pursuant to 23 U.S.C. § 1343, which gives District Courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection

of civil rights.

3.

Plaintiffs bring this action as to defendants Appling County School District, Dr. Scarlett M. Copeland, Dr. Gene A. Starr and Violet Marchman to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

4.

This action as to defendants Appling County School District, Dr. Scarlett M. Copeland, Dr. Gene A. Starr and Violet Marchman is also an action to redress the deprivation of Plaintiffs' constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

5.

Venue is proper in this Honorable Court under 28 U.S.C. § 1391(b) because jurisdiction is not founded on diversity and a substantial part of the events and omissions giving rise to the claims in this action occurred in Appling County, Georgia, which is in and a part of the Southern District of Georgia.

## THE PARTIES

6.

Plaintiff Ashton Brinkley is a permanent resident of Appling County, Georgia, temporarily residing in Athens, Georgia, and by the filing of this Complaint submits to the jurisdiction and venue of this Court.

7.

At all times relevant hereto, Ashton Brinkley was a student attending Appling County High School in Baxley, Georgia which is a high school within the Appling County School District (hereinafter sometimes "the School District").

8.

At all times relevant hereto, Ashton Brinkley was a participant in Appling County High School's Envirothon team.

9.

Plaintiff Jared Spell is a resident of Appling County, and by the filing of this Complaint submits to the jurisdiction and venue of this Court.

10.

At all times relevant hereto, Jared Spell was a student attending Appling County High School in Baxley, Georgia which is a high school within the Appling

County School District.

11.

At all times relevant hereto, Jared Spell was a participant in Appling County High School's Envirothon team.

12.

Defendant Appling County School District (hereinafter sometimes the "School District") is a public educational institution located in Appling County, Georgia.

13.

Defendant, Appling County School District can be properly served in this action by delivering a Summons and Complaint to the Superintendent of the Appling County School District, Scarlett M. Copeland at the offices of the Appling County School Board located at 249 Blackshear Highway, Baxley, Georgia 31513.

14.

Defendant Dr. Scarlett M. Copeland (hereinafter sometimes "Copeland") was appointed as the Superintendent of Schools for the Appling County School District on approximately May 9, 2010 and, at all times relevant hereto remained in that position.

15.

At all times relevant hereto, Copeland, in her individual and official capacities, worked within the County of Appling and was an agent/employee of the Appling County School District, acting and failing to act within the scope, course, and authority of her employment.

16.

Defendant Copeland can be properly served in this action by delivering a Summons and Complaint to her at the offices of Appling County School Board located at 249 Blackshear Highway, Baxley, Georgia 31513, or wherever she may be personally located in the State of Georgia.

17.

Defendant Dr. Gene A. Starr (hereinafter sometimes "Starr") was, at all times relevant hereto, the principal of Appling High School which is part of the Appling County School District.

18.

At all times relevant hereto, Starr, in his individual and official capacities, worked within the County of Appling and was an agent/employee of the Appling County School District, acting and failing to act within the scope, course, and

authority of his employment.

19.

Defendant Dr. Gene A. Starr can be properly served in this action by delivering a Summons and Complaint to him at his residence, reasonably believed to be 2434 Zoar Road, Baxley, Georgia 31513-3220 or wherever he may be personally located in the State of Georgia.

20.

Defendant Violet Marchman (hereinafter sometimes "Marchman") was, at all times relevant hereto, a teacher at Appling High School, which is part of the Appling County School District.

21.

At all times relevant hereto, Marchman, in her individual and official capacities, worked within the County of Appling and was an agent/employee of the Appling County School District, acting and failing to act within the scope, course, and authority of her employment.

22.

Defendant Marchman can be properly served in this action by delivering a Summons and Complaint to her at her residence reasonably believed to be 215 Richard Williams Road, Baxley, Georgia 31513-8140 or wherever she may be

personally located in the State of Georgia.

23.

Defendant Michael Glenn Waters was, at all times relevant hereto, a resident of Appling County, Georgia, maintaining as his personal residence at 7245 Red Oak Road, Baxley, Georgia 31513.

24.

At all times relevant hereto, defendant Michael Glenn Waters worked as a school teacher and Coach/Advisor of the Envirothon program at the Appling County High School.

25.

On or about November 8, 2016, Michael Glenn Waters plead guilty to and was convicted of Child Molestation, in violation of O.C.G.A. § 16-6-4(a); and four counts of Sexual Assault by a person with supervisory authority in violation of O.C.G.A. § 16-6-5.1 and sentenced to fifty (50) years in prison with twenty-five (25) years of which to serve.  Michael Glenn Waters is currently serving his sentence at Dooly State Prison located at 1412 Plunket Road, Unadilla, Georgia 31091, where he may be personally served.

26.

Defendant James Carol Waters, *aka Randy Waters* (referred to herein by

name) is a resident of Appling County, and reasonably believed to reside at 7245 Red Oak Road, Baxley, Georgia 31513, at which residence he may be properly served; or if not located there, wherever he may be located in the State of Georgia.

27.

Defendant Wanda L. Waters (referred to herein by name) is a resident of Appling County, reasonably believed to reside at 7245 Red Oak Road, Baxley, Georgia 31513, at which residence she may be properly served; or if not located there, wherever she may be located in the State of Georgia.

28.

Defendants John/Jane Does Nos. 1- 2 are individuals engaged as employees of the Appling County School District and can be properly served in this action by delivering a Summons and Complaint to each at his or her residence, or wherever he or she may be located in the State of Georgia.

29.

Defendants John/Jane Does Nos. 3-5 are individuals who facilitated Michael Glenn Waters' sexual molestation of minor children and students of Appling County High School and can be properly served in this action by delivering a Summons and Complaint to each at his or her residence, or wherever he or she may be located in the State of Georgia.

## PRE-SUIT NOTIFICATIONS

### 30.

Attached hereto as Attachment "A", is a copy of the pre-suit notice of claim dated January 5, 2018, presented to the Chairman of the Appling County Board of Education, the Superintendent of the Appling County School District, and Risk Management Services for the Georgia School Board Association, which notifications were timely presented.

### 31.

Attached hereto as Attachment "B" are receipts for the pre-suit notices of Claim showing such notices were timely presented.

## FACTS

### 32.

Appling County High School, is a public school located at 482 Blackshear Highway, SE, Baxley, Georgia, 31513, and is one of the schools in the public-school system established, operated and maintained by the Appling County School District.

### 33.

On or about April 22, 2010, Michael Glenn Waters submitted an application

for employment to the Appling County Board of Education for the position of 'Agriculture teacher or math teacher (high school)', indicating he was available for employment on July 1, 2010.   A copy of Michael Glenn Waters' application for employment is attached hereto as Attachment "C".

34.

On April 22, 2010, Sam Herndon was the Superintendent of Schools for the Appling County School District; however, less than one month later, Mr. Herndon resigned, was suspended or was terminated, and Deborah Brantley was appointed as the interim Superintendent of Schools.

35.

Between the time Michael Glenn Waters submitted his application for employment and August 23, 2010, a period of approximately four (4) months, the Appling County School District, its Human Resources employees, the Appling County Board of Education and its officers and directors, including Deborah Brantley, the former Superintendent of the Appling County School District (now deceased) and Dr. Scarlett M. Copeland had a duty and obligation to properly vet and investigate Michael Glenn Waters' background and suitability for employment as a teacher.

36.

On August 23, 2010, then Appling County School Superintendent Brantley recommended and approved Michael Glenn Waters' employment.

37.

On September 10, 2010, then Superintendent Brantley executed, on behalf of the Appling County School District, Michael Glenn Waters' employment contract.   A copy of Michael Glenn Waters' employment contract is attached hereto as Attachment "D".

38.

At all times relevant hereto, Michael Glenn Waters was a ninth (9th) grade math teacher and Coach/Advisor of the Envirothon team of Appling County High School.

39.

Prior to Michael Glenn Waters' employment by the Appling County School District and prior to his assignment to work as a ninth (9th) grade math teacher at Appling County High School, Michael Glenn Waters had been employed as a teacher at the Camden County High School in Kingsland, Georgia.

40.

Michael Glenn Waters, when he submitted his application for employment to the Appling County School District on April 10, 2010, admitted that he "had been placed on disciplinary probation or been suspended from a job, college or university".

41.

Prior to Michael Glenn Waters being hired by the Appling School District, the Appling County School District, its Human Resources employees, the Appling County Board of Education and its officers and directors, including Deborah Brantley, the former Acting Superintendent of the Appling County School District (now deceased) were aware that Michael Glenn Waters had been suspended and subsequently resigned from the Camden County School District in April, 2009 after complaints were filed against him for, among other things, 'inappropriate sexual misconduct of a child'.

42.

Dr. Scarlett M. Copeland succeeded Deborah Brantley and was appointed as the Superintendent of the Appling County School District and thereafter knew or should have known and been aware of Michael Glenn Waters' alleged sexual

misconduct with students at Camden County High School, his (Waters') prior employer, and without ensuring Waters' employment/continued employment by the Appling County School District was appropriate and not putting or continuing to put Appling County High School students in .danger of a sexual predator, continued to approve his (Waters') employment at Appling County High School and his position as coach/advisor to the Envirothon project.

43.

Prior to his being hired by the Appling County School District, Michael Glenn Waters was apparently unemployed for approximately one year; however, there is no accountability for his apparent unemployment or what he did after he 'resigned' from his teaching position in Camden County in April, 2009 following several allegations of sexual misconduct with minor students at Camden County High School.

44.

Michael Glenn Waters, as part of the application process, submitted a narrative 'explaining' his version of the rationale behind his suspension as a teacher at the Camden County High School in which he admitted to 'two students making accusations against him' and later a 'third student coming forward and making negative statements similar to the first two students' claiming

"inappropriate actions".  Michael Glenn Waters, in an obvious effort to deflect these allegations went on in his statement to indicate that "this had happened to several teachers over the four years he was there, and <u>it happened to me on two other occasions</u>".  Michael Glenn Waters further indicated that the "incidents" were turned over to the Professional Standards Commission (hereinafter sometimes "PSC") and the Camden County Sheriff's Department.

45.

Michael Glenn Waters' personnel file contains no investigation or investigative inquiries or independent interviews into these allegations of sexual misconduct with his prior students.

46.

The Appling County School District hired Michael Glenn Waters despite knowledge of several claims of 'inappropriate sexual misconduct with children' without properly investigating the facts and circumstances of such claims, and then, compounding their negligence, failed to properly monitor Michael Glenn Waters.

47.

At all times relevant hereto, Michael Glenn Waters was assigned as the Coach of Appling County High School's Envirothon program.

48.

Appling County High School's 'Envirothon' program is a natural resource educational program designed to challenge students in an interactive, outdoor competition where middle and high school teams consisting of 4-6 students are tested in areas of Wildlife, Forestry, Aquatic Ecology, Soils and Land Use, and a Current Issue.   Envirothon teams take written and 'hands-on' tests and give presentations based on a chosen 'Current Issue' where students have an opportunity to compete at the Regional, State and North American levels.

49.

In approximately August, 2012, Plaintiff Ashton Brinkley was a fourteen (14) year old freshman student at Appling County High School, when he joined the Appling County High School Envirothon team.

50.

In approximately August, 2012, Plaintiff Jared Spell was a fourteen (14) year old freshman student at Appling County High School, when he joined the Appling County High School Envirothon team.

51.

At all times relevant hereto, Michael Glenn Waters was the 'Coach/Advisor'

of the Appling County High School Envirothon team.

52.

Michael Glenn Waters, following his appointment as the Coach/Advisor to the Appling County High School Envirothon team seized this opportunity to continue and advance his 'inappropriate touching' opportunities to sexually assault and molest Plaintiffs Ashton Brinkley and Jared Spell as well as other students of Appling County High School.

53.

During the 2014-2015 school year, a senior at Appling County High School (hereinafter the "reporting student" or "J.P.")  informed Violate Marchman that another student ("J.S.") confided in him that Michael Glenn Waters had sexually molested him ("J.S.") and another student during an Envirothon field trip.

54.

The reporting student ("J.P.") informed Marchman that Michael Glenn Waters had masturbated not only J.S., but that he (Michael Glenn Waters) had allegedly masturbated another Appling County High School Envirothon student during a school-sponsored field trip.

55.

Marchman, a mandatory reporter and an employee/agent of the Appling County School District, failed to report the disclosure[1], thus allowing Michael Glenn Waters the opportunity to continue his sexual exploitation, molestation and harassment of minor students of Appling County High School.

56.

Michael Glenn Waters, during his tenure as a teacher at Appling County High School and as the Coach/Advisor of the Appling County High School Envirothon team, sexually molested students of Appling County High School, including but not limited to Plaintiffs Ashton Brinkley and Jared Spell, on numerous occasions between approximately August, 2012 through approximately December 31, 2014; such molestation occurring on school property; during school sponsored Envirothon events which were held in and outside of Appling County and on occasion out-of-state; and at the home of and on the property of James Carol Waters and Wanda L. Waters.

57.

Ultimately, Michael Glenn Waters sexual exploitation of children came to

---

[1] See O.C.G.A. § 19-7-5, Reporting of Child Abuse; See also Ga. Comp. R. & Regs Rule 505-6.01(3)(d), 505-6.01(3)(e), and 505-6.01(3)(j).

light and on or about August 25, 2015 and Michael Glenn Waters was arrested and charged with multiple counts of child molestation, sexual assault, and sexual exploitation of children in incidents involving Appling County High School students occurring between 2012 and December, 2015[2].

## CAUSES OF ACTION

### Count One

### Negligent Hiring, Training and Supervision
### As to Defendants Appling County School District,
### Scarlett Copeland and Gene Starr

58.

Plaintiffs Ashton Brinkley and Jared Spell adopt and incorporate paragraphs 1 through 57 as though fully set forth herein.

59.

At all times relevant hereto, Defendants Appling County School District and Scarlett Copeland, had a duty to be diligent in the hiring, screening and background checking of Michael Glenn Waters.

60.

Defendants Appling County School District and Scarlett Copeland failed to properly screen, interview and background check Michael Glenn Waters, and were

---

[2] The sexual assaults upon plaintiffs Ashton Brinkley and Jared Spell occurred between the dates approximated to be between approximately August, 2012 and December 31, 2014.

further negligent in hiring Michael Glenn Waters and subsequently negligent in the retention of Michael Glenn Waters.

61.

As a direct and proximate consequence and result of the negligence in the screen, interviewing, background checking and ultimate hiring of Michael Glenn Waters, plaintiffs Ashton Brinkley and Jared Spell were manhandled, mistreated, sexually assaulted and physically and emotionally injured.

62.

At all times relevant hereto, Defendants Appling County School District, Scarlett Copeland and Gene Starr had a duty to be diligent in the training, monitoring and supervision of Michael Glenn Waters.

63.

Defendants Appling County School District, Scarlett Copeland and Gene Starr failed to properly train, monitor and supervise Michael Glenn Waters.

64.

As a direct and proximate consequence and result of the negligence in the training, monitoring and supervision of Michael Glenn Waters, plaintiffs Ashton Brinkley and Jared Spell were manhandled, mistreated, sexually assaulted and

physically and emotionally injured.

## Count Two

### Negligence as to Defendant Violet Marchman

65.

Plaintiffs Ashton Brinkley and Jared Spell adopt and incorporate paragraphs 1 through 64 as though fully set forth herein.

66.

At all times relevant hereto, Defendant Violet Marchman had a duty to report sexual assaults, including allegations of sexual assault and misconduct.

67.

Defendant Violet Marchman breached her duty of care owed to plaintiffs Ashton Brinkley and Jared Spell by failing to report the allegations of sexual misconduct against her co-worker and fellow-teacher, Michael Glenn Waters.

68.

As a direct and proximate consequence and result of the negligence of Defendant Violet Marchman, plaintiffs Ashton Brinkley and Jared Spell were manhandled, mistreated, sexually assaulted and physically and emotionally injured by Michael Glenn Waters.

**Count Three**

**Title IX as to Defendant Appling County School District**

69.

Plaintiffs Ashton Brinkley and Jared Spell adopt and incorporate paragraphs 1 through 68 as though fully set forth herein.

70.

The Appling County School District is an "educational program or activity receiving Federal financial assistance..." within the meaning of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a) (hereinafter "Title IX").

71.

The School District, by and through its Board of Education, established, operated and maintained a public-school system for school-age children of Baxley, Graham, and Surrency Georgia.

72.

Title IX of the Education Amendment of 1972 ("Title IX"), 20 U.S.C. § 1681(a) states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance....

73.

Title IX's broad prohibition against sexual discrimination also includes *sexual harassment*, defined as the unwelcome conduct of a sexual nature.

74.

Prior to Michael Waters employment at Appling County High School, the School District, by and through its Superintendent Deborah Brantley and its employees and agents, had the duty, authority and obligation to properly and fully investigate and vet Michael Glenn Waters before allowing him to work with students attending Appling County High School; they had the duty, ability, authority and obligation to take appropriate measures in response to actual and constructive notice of Michael Glenn Waters' reportedly inappropriate sexual misconduct with students attending Camden County High School (which notice was sufficient to alert the Appling County School District of the possibility, and in fact likelihood, of Michael Glenn Waters inappropriate and violative conduct and sexual harassment against Appling County High School students); thereby exhibiting a deliberate indifference to such inappropriate and illegal conduct.

75.

After Michael Waters was employed by the Appling County School District

and assigned to work at the Appling County High School, the School District, by and through its Superintendent Scarlett M. Copeland and its agents, had the duty and authority to properly and fully investigate not only prior allegations of misconduct with students at Camden County School District, but reports made subsequent to the hiring of Michael Glenn Waters of inappropriate sexual misconduct against students attending Appling County High School; had the duty, ability and authority to take appropriate measures in response to such notice which was sufficient to alert the School District of the possibility, in fact likelihood, of Michael Glenn Waters' continued inappropriate and violative conduct; and thereby exhibited a deliberate indifference to such inappropriate and illegal conduct.

76.

Prior to the hiring of Michael Glenn Waters, the Appling County School District, by and through it's the interim Superintendent of Schools, Deborah M. Brantley and later Dr. Scarlett Copeland, as the Superintendent of Schools, had the authority to properly and fully investigate and vet Michael Waters before allowing him to work with students attending Appling County High School; had the ability and authority to take corrective measures in response to constructive notice of Waters' reportedly inappropriate conduct with students attending Camden County

High School which notice was sufficient notice to alert Appling County School District of the possibility, in fact likelihood, of Michael Waters inappropriate and violative conduct with Appling County High School students; thereby exhibiting a deliberate indifference to such inappropriate and illegal conduct.

77.

Subsequent to the hiring of Michael Glenn Waters, the Appling County School District, by and through Dr. Scarlett Copeland, as the Superintendent of Schools, Dr. Gene A. Starr, as the principal of Appling County High School, and Violet Marchman, a teacher and mandatory reporter of sexual misconduct against children, had the authority to properly and fully investigate not only the prior allegations of misconduct with students at Camden County School District, but reports of inappropriate sexual misconduct with students attending Appling County High School; had the ability and authority to take corrective measures in response to such notice which was sufficient to alert the School District of the possibility, in fact likelihood, of Michael Glenn Waters continued inappropriate and violative conduct; and thereby exhibited a deliberate indifference to such inappropriate and illegal conduct.

78.

Defendant Appling County School District, as the employer of Defendants

Copeland, Starr and Marchman, and as the employer of former interim Superintendent Deborah Brantley (deceased), is liable for the conduct and actions of Defendants Copeland, Starr and Marchman, and of former interim Superintendent Deborah Brantley under the theory of Respondeat Superior.

79.

Defendant Appling School District failed to adhere to its obligations under Title IX and is therefore liable to plaintiffs under Title IX for damages in such amount that will compensate them for the physical and emotional injuries and damages each has suffered as well as other special damages each has incurred and is likely to incur as a result of Defendant Appling School District's violations of Title IX.

## Count Four

**Violation of 42 U.S.C. § 1983 as to Defendants Appling County School District,
Dr. Scarlett M. Copeland, Dr. Gene A. Starr, and Violet Marchman**

80.

Plaintiffs Ashton Brinkley and Jared Spell adopt and incorporate paragraphs 1 through 79 as though fully set forth herein.

81.

42 U.S.C. § 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity...

82.

At all times relevant hereto, Ashton Brinkley and Jared Spell had a liberty interest in their bodily integrity that was protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

83.

At all times relevant hereto, there were laws, rules, regulation, policies and procedures, promulgated by federal and state laws and policies and procedures of the Appling County School District, by and through laws, rules, regulation, policies, procedures, practices and/or customs, failure to adhere to such caused physical and emotional harm to Plaintiffs Ashton Brinkley and Jared Spell.

84.

The conduct described herein and to be shown with additional clarity and certainty at trial, demonstrated Plaintiffs Ashton Brinkley's and Jared Spell's being deprived of their liberty interests in their bodily integrity in violation of the Due Process Clause of the Fourteenth Amendment to the United States

Constitution.

85.

The conduct described herein and to be shown with additional clarity and certainty at trial, demonstrate Defendants Appling County School District's, and individual defendants Deborah Brantley's, Scarlett Copeland's, Gene Starr's and Violet Marchman's failure to take minimal precautions to safeguard the bodily integrity of Ashton Brinkley and Jared Spell and other students of Appling High School, thereby allowed and elevated the preexisting level of danger from a sexual predator, to wit: Michael Glenn Waters.

86.

The Appling County School District, by and through the conduct of defendants Brantley, Copeland, Starr and Marchman, created this danger (Michael Glenn Waters) and allowed such danger to continue to survive despite the relationship between a public-school district and its students under federal and state law and the terms of those students' individual education programs. That special relationship is characterized by the District's custody and virtually complete control not only of the education of those of those students but also over their physical placement, transport and movement.

87.

The School District and Defendants Brantley, Copeland, Starr and Marchman are liable to Plaintiff under 42 U.S.C. § 1983 for damages in such amount as will compensate plaintiffs Ashton Brinkley and Jared Spell for the physical, emotional, mental and educational injuries each has suffered and will suffer.

## Count Five

**Violation of 42 U.S.C. § 1988**
**as to Defendants Appling County School District,**
**Dr. Scarlett M. Copeland, Dr. Gene A. Starr and Violet Marchman**

88.

Plaintiffs Brinkley and Spell adopt and incorporate paragraphs 1 through 87 as though fully set forth herein.

89.

The School District and Defendants Brantley, Copeland, Starr and Marchman are liable to Plaintiff under 42 U.S.C. § 1988 for reasonable attorney's fees, including expert fees, as part of the costs in this action.

## Count Six

**Negligence as to Defendants James Carol Waters and Wanda L. Waters**

90.

Plaintiffs Brinkley and Spell adopt and incorporate paragraphs 1 through 89 as though fully set forth herein.

91.

At all times relevant hereto, Michael Glenn Waters resided with his parents, James Carol Waters and Wanda L. Waters at 7245 Red Oak Road, Baxley, Georgia 31513.

92.

Between approximately August, 2012 and December, 2014, Michael Glenn Waters took Plaintiffs, Ashton Brinkley and Jared Spell, both minors, as well as other males minors to his room at the home of James Carol Waters and Wanda L. Waters located at 7245 Red Oak Road in Baxley, Georgia.

93.

At all times relevant hereto, Defendants James Carol Waters and Wanda L. Waters knew of their adult son, Michael Glenn Waters' propensities to molest and sexually exploit and assault minor boys.

94.

Despite Defendants James Carol Waters and Wanda L. Waters' knowledge of the dangerous propensities of their son, Michael Glenn Waters' propensities to molest and sexually assault minor boys, Defendants James Carol Waters and Wanda L. Waters allowed their son (Michael Glenn Waters) to take minor boys, including Plaintiffs Ashton Brinkley and Jared Spell, into areas of seclusion including his (Michael Glenn Waters) bedroom.

95.

Defendants James Carol Waters and Wanda L. Waters were minimally negligent and arguably grossly negligent in allowing their son, Michael Glenn Waters, to bring minor boys to their premises, specifically into his (Michael Glenn Waters) bedroom.

## **Damages**

96.

Plaintiffs Brinkley and Spell adopt and incorporate paragraphs 1 through 95 as though fully set forth herein.

97.

Plaintiff Ashton Brinkley seeks special damages for his past, present and

future medical expenses, including but not limited to medical expenses associated with his emotional well-being as well as general damages for his past, present and future emotional pain and suffering and attorney's fees and expenses under 42 U.S.C. § 1988.

98.

Plaintiff Ashton Brinkley's special damages to date include:

| | |
|---|---|
| Nemours: | $  4,913.00 |
| Wayne Family Practice: | $ 10,291.00 |
| Wolfson Children's Hospital: | $ 11,122.40 |
| | $ 26,326.40 |

99.

Plaintiff Jared Spell seeks special damages for his past, present and future medical expenses, including but not limited to medical expenses associated with his emotional well-being as well as general damages for his past, present and future emotional pain and suffering and attorney's fees and expenses under 42 U.S.C. § 1988.

100.

Plaintiff Jared Spell's special damages have yet to be determined.

## COUNT SEVEN

## Punitive Damages As To Defendants
## James Carol Waters And Wanda L. Waters

### 101.

Plaintiffs Brinkley and Spell adopt and incorporate paragraphs 1 through 100 as though fully set forth herein.

### 102.

The conduct of Defendants James Carol Waters and Wanda L. Waters, in knowingly allowing Michael Glenn Waters to bring minor boys onto their property and seclude himself with such minor boys in his (Michael Glenn Waters) bedroom were culpable actions demonstrating willful misconduct, malice, wantonness and a conscious indifference to consequences and an entire want of care so as to permit the award of punitive damages against each of them in accordance with O.C.G.A. §51-12-5.1.

**WHEREFORE,** Plaintiffs respectfully request judgment in their favor and against Defendants Appling County School District, Scarlett M. Copeland, Gene A. Starr, Violet Marchman as follows:

(a)    For special and compensatory damages for Plaintiffs' respective past,

present and future medical expenses; lost or diminished income; and other expenses proven with certainty at trial;

(b)     For general damages for Plaintiffs' respective past, present and future psychological and emotional injuries to be awarded in accordance with the enlightened conscience of impartial jurors at trial;

(c)     For attorney's fees and expenses under 42 U.S.C. § 1988;

(d)     For trial by jury; and

(e)     For such other and further relief as this Court deems just and proper;

(f)     For trial by jury;

and as to Defendants James Carol Waters and Wanda L. Waters:

(a)     For special and compensatory damages for Plaintiffs' respective past, present and future medical expenses; lost or diminished income; and other expenses proven with certainty at trial;

(b)     For general damages for Plaintiffs' respective past, present and future psychological and emotional injuries to be awarded in accordance with the enlightened conscience of impartial jurors at trial;

(c)     For punitive damages;

(d)     For attorney's fees and expenses;

(e)     For trial by jury; and

(f)     For such other and further relief as this Court deems just and proper.

Respectfully submitted this 18th day of July, 2018.

THE BOWEN LAW GROUP


/s/ Charles J. Bowen
CHARLES J. BOWEN
Georgia State Bar No. 071115
*Attorney for Plaintiffs*

7 East Congress Street
Suite 1001
Savannah, GA   31401
(912) 544-2050
(912) 544-2070 (fax)
*cbowen@thebowenlawgroup.com*